**Viktoria Lo,** OSB No. 175489
Email: vika@vlo-law.com
Viktoria Lo, Attorney at Law
PO Box 86449
Portland, Oregon 97286
Telephone: (971) 245-2085

**Stephanie Pollan**, OSB No. 064736
Email: stephanie@stephaniepollanlaw.com
Law Office of Stephanie Pollan
9900 SW Wilshire Street, Suite 140
Portland, Oregon 97225
Telephone: (503) 475-6882

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CONNOR BROWN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LINCOLN COUNTY, a municipal corporation, SIMEON ELBRADER, JOSH MCDOWALL, SETH LEWIS, THOMAS COOK, WILLIAM WREN, GRACE PARANTO, JOHN DOES 1-5, Lincoln County Sherriff's Office deputies, in their individual capacity, NEWPORT, a municipal corporation, KRAIG MITCHELL, DARREN CICERONE, Newport Police Department officers, in their individual capacity**<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Violations of Civil Rights: 42 U.S.C § 1983; Negligence (state tort); Battery (state tort)<br><br>**DEMAND FOR JURY TRIAL** |



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

## INTRODUCTION

1.

Plaintiff Connor Brown was arrested by Newport Police outside of his high school at the age of nineteen, transported to Lincoln County jail and thrown into a cell in the booking area where he was assaulted by Thor Runion, a known dangerous Adult in Custody ("AIC"). Newport Police officers and Lincoln County Sherriff's Office deputies conspired to injure Plaintiff in their custody in order to punish Plaintiff because he was charged with sex abuse of a minor girl, the daughter of the director of the Newport County Library. Defendants timed Plaintiff's arrest to coincide with the date  Runion agreed to turn himself into custody in order to house Runion and Plaintiff together in jail, knowing Runion would have issues with being housed with anyone accused of a sex offense. After alerting Runion of Plaintiff's charges, Lincoln County Sherriff's Office deputies immediately and intentionally put Runion in a cell with plaintiff. Upon being put in Plaintiff's cell, Runion beat Plaintiff by repeatedly punching Plaintiff in the head and body and slamming Plaintiff against the cell door and walls. While Plaintiff was being assaulted, Lincoln County jail deputies Defendants Simeon Elbrader, Thomas Cook, Seth Lewis, Grace Paranto, Josh McDowall, and William Wren and Newport Police Officer Defendant Kraig Mitchell watched the assault without intervening for several minutes. Defendants' decision to delay intervention was so extreme that eventually Runion yelled repeatedly at the Defendants to open the door and save Plaintiff. Plaintiff suffered physical and emotional injuries as a result, including a traumatic brain injury.



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

## JURISDICTION AND VENUE

2.

This action arises under the constitution and laws of the United States and jurisdiction is based on 28 USC § 1331 and 28 USC § 1343(a). This Court has pendent jurisdiction of the state law negligence claim pursuant to 28 USC § 1367. Venue is proper within the District of Oregon pursuant to 28 U.S.C. § 1391(b) because all of the events giving rise to these claims occurred in this judicial district, and all defendants reside in this judicial district.

## PARTIES

3.

Plaintiff Connor Brown (hereinafter "Brown" or "Plaintiff"), at the time of filing and at all material times, was a resident of Lincoln County, Oregon.

4.

Defendant Lincoln County ("County" or "Defendant") is and at all material times hereto has been a municipal corporation in the State of Oregon. The Lincoln County Sheriff's Office ("LCSO"), a department of the County, is a law enforcement agency of the County. As a local governmental entity, the Lincoln County is a "person" under 42 U.S.C. § 1983. At all material times, Lincoln County employed the defendant officers. At all material times, the defendant officers were acting pursuant to the Lincoln County's laws, customs, and/or policies. Per ORS 30.285(1), the County must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action by Plaintiff. Lincoln County operates a jail and Lincoln County's



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

Constitutional duty to provide adequate supervision to Plaintiff and other AICs in the County's custody is nondelegable.

5.

Defendant officer, Simeon Elbrader, was a Lincoln County Sherriff's Office corrections deputy, employee, and agent of the LCSO acting under color of law, within the course and scope of his employment, and is sued in his individual capacity.

6.

Defendant officer, Josh McDowall, was a Lincoln County Sherriff's Office corrections supervisor and lieutenant, employee, and agent of the LCSO acting under color of law, within the course and scope of his employment, and is sued in his individual capacity.

7.

Defendant officer, Seth Lewis, was a Lincoln County Sherriff's Office corrections deputy, employee, and agent of the LCSO acting under color of law, within the course and scope of his employment, and is sued in his individual capacity.

8.

Defendant officer, Thomas Cook, was a Lincoln County Sherriff's Office corrections deputy, employee, and agent of the LCSO acting under color of law, within the course and scope of his employment, and is sued in his individual capacity.

9.

Defendant officer, William Wren, was a Lincoln County Sherriff's Office corrections deputy, employee, and agent of the LCSO acting under color of law, within the course and scope of his employment, and is sued in his individual capacity.



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

10.

Defendant officer, Grace Paranto, was a Lincoln County Sherriff's Office corrections deputy, employee, and agent of the LCSO acting under color of law, within the course and scope of her employment, and is sued in her individual capacity.

11.

Defendant officers, John Does 1-5 (hereinafter "Individual Defendants") are or at all material times hereto were Lincoln County Sherriff's Office corrections officers, employees, and agents of the LCSO acting under color of law, within the course and scope of their employment, and are sued in their individual capacities.

12.

Defendant City of Newport is and at all material times hereto has been a municipal corporation in the State of Oregon. The Newport Police Department ("NPD"), a department of the City, is a law enforcement agency of the City. As a local governmental entity, the Newport is a "person" under 42 U.S.C. § 1983. At all material times, Newport employed the defendant officers. At all material times, the defendant officers were acting pursuant to the Newport's laws, customs, and/or policies. Per ORS 30.285(1), the City must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action by Plaintiff.

13.

Defendant officer, Kraig Mitchell, was a Newport Police Department officer, employee, and agent of the NPD acting under color of law, within the course and scope of his employment, and is sued in his individual capacity.

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

14.

Defendant officer, Darren Cicerone, was a Newport Police Department detective, employee, and agent of the NPD acting under color of law, within the course and scope of his employment, and is sued in his individual capacity.

**TORT CLAIM NOTICE**

15.

Prior to the institution of this action, Plaintiff provided timely notice of his claim to all necessary parties pursuant to ORS 30.275.

**FACTUAL ALLEGATIONS**

16.

Plaintiff, a senior in high school, was pulled over while driving near campus in the middle of a school day and arrested. Plaintiff's girlfriend, a sophomore on his school swim team, had made allegations of sexual abuse against Plaintiff a couple months earlier. Plaintiff's accuser is the daughter of the director of the Newport County Library who is a longstanding resident of Newport and has personal and/or professional relationships with members of local law enforcement agencies. Plaintiff pleaded guilty to Harassment on November 26, 2025.

17.

On March 4, 2025, Plaintiff was arrested around 2:00 pm when he was pulled over in his car outside his school for the sole purpose of arresting him by Newport Police Department officers Tyson Haynes and Defendant Darren Cicerone.

18.

Defendant Cicerone was lead detective on Plaintiff's criminal investigation.



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

19.

Defendant Cicerone wrote his investigation report the night before, March 3 at 9:53 pm. The report was submitted for approval the morning of Plaintiff's arrest at 7:52 am and approved by his supervisor, Tyson Haynes, later that day at 4:47 pm.

20.

Darren Cicerone had not completed the affidavit for probable cause for arrest prior to arresting Plaintiff on March 4, 2025.

21.

The probable cause affidavit was notarized sometime later at the jail by Lincoln County Sherriff's Office deputy Defendant Thomas Cook.

22.

On March 4, 2025, after Tyson Haynes called in a marked car for transport, Defendant Officer Kraig Mitchell arrived and transported Plaintiff from the location of the traffic stop to the Lincoln County jail. Defendant Cicerone told Defendant Mitchell he would meet him at the jail to complete the booking process.

23.

Defendant Mitchell brought Plaintiff into the Lincoln County jail from the sallyport at approximately 2:10 pm. Lincoln County Sherriff's Office deputies Defendants William Wren and Simeon Elbrader met Defendant Mitchell in the hallway at the top of the elevator and patted Plaintiff down.

//

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

24.

When Defendant Cicerone met Defendant Mitchell in the sally port of the jail, Defendant Mitchell cautioned Defendant Cicerone that his patrol car was still recording.

25.

After Defendant Mitchell left, Defendants Elbrader, Wren, and/or Paranto placed Plaintiff in cell D76.

26.

Cell D76 does not have a bunk or cot and instead has a table and chair.

27.

Thor Runion is a dangerous offender, who has a documented history of assaulting officers and other AICs in custody.

28.

Thor Runion has a violent criminal history, with many arrests, multiple prison cycles, and suspected prison gang affiliation.

29.

Thor Runion has documented and visible prison tattoos, including full sleeves.

30.

Lincoln County Sheriff's Office deputy Defendants were aware of Thor Runion's violent history, including assaults against correctional facility staff and members of law enforcement.

//

//

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

31.

Lincoln County was at first reluctant to accept Thor Runion's post-prison supervision transfer from Marion County due to his violent criminal history and assaults on members of law enforcement.

32.

On February 28, Lincoln County parole and probation officer ("PO"), Sean McGuigan, instructed Thor Runion to turn himself in at Lincoln County Community Corrections on March 4 to clear a warrant issued on February 27 by his PO's supervisor Scott Britts for violating the terms of his post-prison supervision.

33.

Thor Runion confirmed to his PO that he would turn himself in on March 4.

34.

Thor Runion turned himself in to Lincoln County Community Corrections on March 4 and met with his PO and the PO's supervisor, Scott Britts.

35.

Scott Britts directly called Defendant Mitchell at approximately 3:15 pm to come to their office and arrest Thor Runion on the warrant and transport him to jail.

36.

Defendant Mitchell knew ahead of time he would be called to transport Thor Runion to the jail.

37.

After Defendant Mitchell transported Thor Runion to the jail and turned over custody of Runion to the Lincoln County jail corrections staff, he remained present in the jail booking area.



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

38.

Upon information and belief, Defendant Mitchell informed Lincoln County Sheriff's Office deputies that Thor Runion was a violent offender who has a criminal history of weapon and assault offenses including assaults against correction deputies.

39.

Upon information and belief, Defendants Cicerone and Mitchell coordinated with Defendants Elbrader, Cook, Paranto, Wren, Lewis, and McDowall to time Plaintiff's arrest to coincide with Thor Runion's arrest at the Lincoln County jail in order to intentionally place Runion in a cell with Plaintiff.

40.

Shortly after Defendant Mitchell brought Thor Runion to Lincoln County jail, Defendants Elbrader and Cook alerted Runion that Plaintiff was a "child molester or sex offender".

41.

In the middle of dressing Thor Runion into jail clothes and prior to placing Runion in D76 Defendants Cook and Elbrader asked if Runion was going to have issues with anyone in jail.

42.

Thor Runion told Defendants Cook and Elbrader he would get along with everyone except for "child molesters and sex offenders."

43.

Defendant Cook then stopped dressing Thor Runion into jail clothes and immediately took Runion to the door of cell D76 where Plaintiff was being held.

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

44.

As Defendant Cook was placing Thor Runion into Plaintiff's cell, Runion looked at Defendant Cook and said, "are you fucking serious?" to which Defendant Cook replied, "don't worry, you're going to be fine, we'll come and get you in a minute."

45.

Thor Runion was uncuffed, unsupervised, and left alone with Plaintiff when he was initially put in the holding cell.

46.

Thor Runion immediately demanded to know Plaintiff's charges, after confirming Plaintiff was arrested on a sexual offense, Runion attacked Plaintiff. Runion punched Plaintiff in the head, torso and back repeatedly. Runion slammed Plaintiff into the cell walls, cell window and cell door, which also has a window on it.

47.

During the assault, Plaintiff suffered a traumatic brain injury, lacerations to his face, bruising to his face and torso, traumatic inflammation of his jaw, and severe pain.

48.

The assault lasted approximately five or more minutes.

49.

Thor Runion yelled to the jail deputies that they were fighting, and deputies need to get in the cell to "save this little fucker."

//

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

50.

After Thor Runion got their attention, the Defendants stood around watching the assault for several minutes.

51.

Defendants Elbrader, Wren, McDowall, Lewis, Paranto, Cook, Mitchell and John Does 1-5 were standing or sitting around in the jail lobby near the cell while Thor Runion was assaulting Plaintiff.

51.

These Defendants stood around near the cell for several minutes without intervening to stop the assault while it was happening.

52.

Defendant Elbrader pointed his taser at the window of cell door while, according to Elbrader, they were waiting for the door to open.

53.

John Does 1-5 failed to pop open the cell door after Defendant Elbrader's request.

54.

When Defendants finally opened the cell door, Thor Runion complied with commands to get on the ground and submit to handcuffing. There were at least seven deputies standing outside the door when it opened, including Defendants Elbrader, Lewis, Cook, Paranto, and McDowall.

55.

A few minutes after the assault on Plaintiff, Defendant Elbrader recounted the incident to Sharon Kelly, another Lincoln County Sheriff's employee. Defendant Elbrader acknowledged Thor



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

Runion has visible prison tattoos. Defendant Elbrader relayed that a new custody was placed in a cell with some young guy, a kid who was brought in on sex charges. Defendant Elbrader then laughed and said, “watch what you say…watch what you tell people.”

56.

After Plaintiff indicated he wanted to press charges, Defendant McDowell tasked Defendant Mitchell to conduct the investigation.

57.

Defendant Mitchell interviewed Plaintiff about the assault and his pain and injuries which was captured on Defendant Mitchell’s body worn camera.

58.

Plaintiff was placed by himself into a different holding cell that had video recording capabilities after he was interviewed by Defendant Mitchell.

59.

Defendant Mitchell failed to take follow up photographs of Plaintiff’s injuries, failed to preserve evidence of blood, failed to interview corrections deputies as part of the assault investigation, failed to question Thor Runion about the assault, and failed to preserve the video footage from the jail lobby or the cell Plaintiff was placed in following the attack.

60.

Defendant Mitchell failed to follow Newport Police Department policy 600.3 on initial investigations, which requires the officer to “preserve the scene and any evidence as required to complete the initial and follow-up investigation,” “make reasonable attempts to locate, identify



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

and interview all available victims, complainants, witnesses and suspects," and "collect any evidence."

61.

Lincoln County jail continued to house Thor Runion in general population until they placed him on disciplinary segregation for the assault against Plaintiff the following day at 1:15pm

62.

Defendants failed to follow Lincoln County Sheriff's Office Jail Operation Policy resulting in a failure to ensure the safety of inmates.

63.

Lincoln County Sheriff's Office Jail Operation Policy (B-201) states that when jail staff are receiving custody of adults in custody, they shall ensure that the arresting officer provides adequate information regarding the AIC's characteristics or need for segregation.

64.

Lincoln County Sheriff's Office Jail Operation Policy on "pre-classification" (C-101) states that "arrestees arriving at the jail for admission will be confined in separate cells or if space is not available for this, s/he will be supervised in a manner that reduces the risk of violence, intimidation, or other harm." The policy further states on "violent AICs:" "[a]dults in custody who are known to present a substantial risk to commit violent acts against others or who are known to be a serious and immediate threat to the safety of others should be segregated." The policy further states on "vulnerable AICs:" "[i]f . . . the arrestee appears susceptible to violent or sexual attack (i.e. young age or elderly, little sophistication with the criminal justice system . . .)



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

s/he should be considered for alternate needs supervision, and/or segregation for their own protection."

65.

The Lincoln County Sheriff's Office Jail Operation Policy on booking (B-201) states that jail staff will "closely observe arrestees. . . who are obviously highly dangerous if housed with others or are obviously extremely vulnerable."

66.

In violation of Lincoln County Sheriff's Office Jail Operation Policies C-101 and B-201, Defendants Elbrader, Cook, and/or Paranto placed Thor Runion into Plaintiff's holding cell without handcuffs, without video monitoring, and without any staff assigned to closely observe, supervise or monitor Plaintiff and Runion.

67.

Plaintiff was a vulnerable inmate due to his youth and inexperience in a jail setting and being charged with a sex offense.

68.

AICs with prison tattoos are known to corrections deputies to indicate association with prison gangs and the AIC's propensity to commit violent assault if placed in a cell with a "child molester or sex offender."

69.

Defendants Elbrader, Cook, and/or Paranto knew or should have reasonably known that Thor Runion was likely to assault Plaintiff due to the known increased likelihood of AIC violence



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

against people perceived to be "sex offenders" by AICs who have been to prison, have a violent history, and/or are suspected of prison gang affiliation.

70.

Following the assault on Plaintiff, Defendants Elbrader, Wren, McDowall, Lewis, Paranto, and Cook failed to follow Lincoln County Jail Operation Policy on evidence preservation (E-401).

71.

Lincoln County Jail Operation Policy (E-401) states that "if an adult in custody in Lincoln County Jail is suspected of committing a criminal act while in custody, the deputy receiving the information shall interview possible witnesses and participants… shall take steps to preserve the evidence of the crime and protect the crime scene." The policy further states that preservation of evidence is necessary if an incident involves injury to an AIC or staff.

72.

Following the assault on Plaintiff, Defendants Elbrader, Wren, McDowall, Lewis, Paranto, and Cook failed to take photographs of Plaintiff's injuries, failed to preserve evidence of Plaintiff's bloody sheets, failed to interview corrections deputies as part of the assault investigation, and failed to preserve the video footage from the jail lobby or the cell Plaintiff was placed in following the attack.

73.

Upon information and belief Lincoln County Sheriff Office Defendants took affirmative steps, including violating multiple Lincoln County Sheriff Office policies in an attempt to cover up their involvement in the assault.

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

74.

Upon information and belief no Lincoln County Sheriff Office Defendant submitted an incident or use of force report on March 4, 2025, the day of the assault.

75.

Upon information and belief Lincoln County Sheriff Office Defendants edited the body worn camera footage the Lincoln County Sheriff's Office preserved for litigation.

76.

Upon information and belief the Lincoln County Sheriff's Office Defendants edited the body worn camera footage of multiple responding deputies to remove incriminating video and audio evidence.

77.

Upon information and belief Defendant Paranto falsified the incident report she authored on June 1, 2025, that stated Defendant Paranto put Thor Runion into cell D76 with Plaintiff.

78.

Upon information and belief, Defendant Paranto's incident report falsely claims that D76 cell door was opened "10 seconds" after deputies became aware of the assault.

79.

On March 5, 2025, the day after the arrest and assault, the Director of the Newport County Library and mother of the minor accuser in Plaintiff's criminal case, sent the Newport Police Department a thank you gift and handwritten note that stated, in part, "thank you for keeping our community safe, for always being there when we need you…".

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

80.

A photo of this thank you note and gift were posted to the Newport Police Facebook page.

81.

As a result of Defendants' conduct, Plaintiff suffered physical injury and emotional distress.

**FIRST CLAIM FOR RELIEF**
**(Fourteenth Amendment Violation –**
**Due Process – 42 USC § 1983)**
**Individual Liability Against Defendants Elbrader, Cook, Wren, Paranto, McDowall, Lewis, and John Does 1-5**

82.

Plaintiff realleges and incorporates by reference the above paragraphs.

83.

It is clearly established that people in jail have the right to be free from violence at the hands of other AICs and that the Fourteenth Amendment imposes on jail officials a duty to take reasonable measures to guarantee the safety of incarcerated people—including the duty to protect incarcerated people from violence at the hands of others.

84.

Defendants Elbrader, Cook and Paranto violated Plaintiff's rights under the Fourteenth Amendments in their intentional decisions to house Plaintiff with Thor Runion and:

1. In revealing to Thor Runion that Plaintiff was charged with a sex offense;
2. In either failing to recognize, or being aware of and consciously disregarding, the risks of holding Thor Runion with Plaintiff due to Thor Runion's obvious gang and prison



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

tattoos, history of violence, including multiple felony person crime convictions, and a history of institutional violence including prior assaults against AICs and staff;

3. In failing to recognize, or being aware of and consciously disregarding, Plaintiff's particular vulnerability to attack, including Plaintiff's first arrest cycle, young age, inexperience with jail culture, and specific charges.

85.

Defendants Elbrader, Cook, Wren, Paranto, McDowall, Lewis, and John Does 1-5 violated Plaintiff's rights under the Fourteenth Amendments of the U.S. Constitution in the following ways:

1. In failing to protect Plaintiff from assault by his cellmate by failing to stop the assault or intervene in the assault for several minutes;
2. In failing to adequately supervise and monitor Plaintiff and Thor Runion in the holding cell in order to prevent the attack.

86.

Defendants made an intentional decision with respect to the conditions under which the Plaintiff was confined by housing Plaintiff in a cell with a dangerous cellmate and failing to adequately monitor and supervise Plaintiff and his cellmate or timely intervene during the assault. These conditions put the Plaintiff at substantial risk of suffering serious harm. The Defendants did not take reasonable available measures to abate that risk, even though a reasonable corrections officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the Defendant's conduct obvious. By not taking such measures, defendants caused the Plaintiff's injuries.



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

87.

Defendants' conduct caused Plaintiff bodily harm and emotional distress in an amount to be determined at trial.

88.

The actions and inactions of Defendants were recklessly indifferent to Plaintiff's civil rights, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in whatever amount the jury concludes is appropriate.

89.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 USC § 1988.

**SECOND CLAIM FOR RELIEF**
**(Fourth Amendment Violation –**
**Excessive Force – 42 USC § 1983)**
**Individual Liability Against Defendants Mitchell, Cicerone, Elbrader, Cook, Wren, Paranto, McDowall, Lewis, and John Does 1-5**

90.

Plaintiff realleges and incorporates by reference the above paragraphs.

91.

In the alternative, if probable cause for Plaintiff's arrest and detention was not legally established prior to the assault, Defendants' actions toward Plaintiff were not objectively reasonable under the Fourth Amendment. The Fourth Amendment guarantees the right to be free from unreasonable uses of force or objectively unreasonable conditions of detention.

//

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

92.

Defendants' conduct caused Plaintiff bodily harm and emotional distress in an amount to be determined at trial.

93.

The Defendants were recklessly indifferent to the civil rights of Plaintiff, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in whatever amount the jury concludes is appropriate.

94.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 USC § 1988.

**THIRD CLAIM FOR RELIEF**
**(Fourteenth Amendment and/or Fourth Violation –**
**Conspiracy to Commit Constitutional Violation – 42 USC § 1983)**
**Individual Liability Against All Individual Defendants**

95.

Plaintiff realleges and incorporates by reference the above paragraphs.

96.

Defendants had an agreement or meeting of the minds to deprive Plaintiff of his constitutional right under the Fourteenth Amendment to be safe at the jail and free from assault by other AICs at the jail and/or under the Fourth Amendment to be free from objectively unreasonable conditions of confinement. The objective of Defendants' conspiracy was to have Plaintiff assaulted at the jail. Defendants committed overt acts in furtherance of the conspiracy, which resulted in an actual violation of Plaintiff's right to be free of assault by another AIC at the jail.

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

97.

Defendants' meeting of the minds in furtherance of the conspiracy is evidenced by the Defendants' acts in furtherance of the conspiracy, as described above.

98.

Defendants' conduct caused Plaintiff bodily harm and emotional distress in an amount to be determined at trial.

99.

The actions and inactions of Defendants were recklessly indifferent to Plaintiff's civil rights, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in whatever amount the jury concludes is appropriate.

100.

Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 USC § 1988.

**FOURTH CLAIM FOR RELIEF**
**(Negligence – State Tort)**
**Against Lincoln County**

101.

Plaintiff realleges and incorporates by reference the above paragraphs.

102.

Lincoln County defendants were acting within the scope of their employment and duties, so Lincoln County is subject to civil action for any torts of its employees under ORS 30.265. Defendant County is vicariously and directly liable to Plaintiff for the conduct of the individual Defendants alleged herein, which were all done within the course and scope of the Defendants' employment with Lincoln County.



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

103.

Lincoln County was negligent when Defendant officers placed Thor Runion into a cell with Plaintiff without adequate safety precautions or supervision and failed to timely intervene to stop the assault.

104.

Lincoln County's agents and employees knew or should have known that their acts and omissions would result in a foreseeable risk of harm to Plaintiff.

105.

Plaintiff had a right to be kept safe from assault by other Adults in Custody at the jail.

106.

Lincoln County's agents and employees' conduct was unreasonable in light of the risk of harm to Plaintiff.

107.

As a direct and proximate result of defendant Lincoln County's agents and employees' acts or omissions, Plaintiff was assaulted and injured and is entitled to compensatory damages in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**(Battery – State Tort)**
**Against Lincoln County and Newport**

108.

Plaintiff realleges and incorporates by reference the above paragraphs.

//

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

109.

Lincoln County and Newport defendants were acting within the scope of their employment and duties, so Lincoln County and Newport are subject to civil action for any torts of their employees under ORS 30.265. Defendants Lincoln County and Newport are vicariously and directly liable to Plaintiff for the conduct of the individual Defendants alleged herein, which were all done within the course and scope of the Defendants' employment.

110.

Thor Runion committed a battery against Plaintiff by intentionally making harmful and offensive physical contact with Plaintiff's person by repeatedly striking Plaintiff in the face and head with a closed fist and slamming Plaintiff's body into the cell walls, window and door. Plaintiff did not consent to this contact. Runion intended to cause harmful or offensive physical contact to Plaintiff or to cause an apprehension that harmful or offensive physical contact would occur.

111.

Lincoln County and Newport officers Elbrader, Cook, Wren, Lewis, McDowall, Paranto, Cicerone and Mitchell aided in or procured Runion's battery of Plaintiff.

112.

Lincoln County and Newport officers Elbrader, Cook, Wren, Lewis, McDowall, Paranto, Cicerone and Mitchell acted with the requisite mental state of intending to cause harmful or offensive contact, or understanding that a tort will be committed by Thor Runion when they aided him.

//

//



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085

113.

As a direct and proximate result of Defendant's battery, Plaintiff suffered general and special damages, including but not limited to, past and future medical expenses, pain and suffering, emotional distress, and loss of enjoyment of life, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for his costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1. Economic damages,
2. Non-Economic damages,
3. Punitive damages,
4. Attorney's fees,
6. Prejudgment and post judgement interest as appropriate and allowed by law,
7. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame; and
8. Any other relief the court deems proper.

**DATED** this 12th of October, 2026.

s/ *Viktoria Lo*
**Viktoria Lo,** OSB No. 175487
**Stephanie Pollan**, OSB No. 064736



VIKTORIA LO,
ATTORNEY AT LAW LLC
PO BOX 86449
PORTLAND, OR 97286
T: 971-245-2085